# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| Jason Weldon, # 310039, | ) | C/A No. 9:12-786-DCN-BM |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Warden John Pate, | ) | |
| Respondent. | ) | |

Jason Weldon ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner incarcerated at the Allendale Correctional Institution in Fairfax, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner alleges he was convicted of "DUI death" and "driving without consent" on June 16, 2005, in the Orangeburg County Court of General Sessions, and he received a 12-year sentence of imprisonment. Pet. 1, ECF No. 1. In his effort to have his conviction set aside and to be released from custody, Petitioner filed this action raising several grounds for relief, including ineffective assistance of counsel, involuntary guilty plea, medical negligence, and illegal search and seizure. Pet. 5–14. Petitioner alleges he filed a prior habeas corpus action in this Court, 9:09-cv-1400-DCN-BM,[1] which was dismissed on June 16, 2010. Pet. 2, 6–10. He seems to allege he filed an unsuccessful appeal to the United States Court of Appeals for the Fourth Circuit and an unsuccessful petition for writ of certiorari in the United States Supreme Court. Pet. 3, 6–11.

---

[1] Petitioner mis-numbered the case as a 2009 case because as explained hereinafter it is a 2010 case.



## Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

This Court takes judicial notice that Petitioner filed a § 2254 habeas corpus action in this Court on June 1, 2010, wherein he attacked the same conviction and raised almost identical grounds for relief, and the Petition was dismissed with prejudice on February 15, 2011. *See* Order,



2

*Weldon v. Pate*, No. 9:10-cv-1400-DCN-BM (D.S.C. Feb. 15, 2011) ("*Weldon I*"), ECF No. 29. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Weldon I*, Petitioner sought to vacate his 2005 state conviction of felony DUI and the temporary use of a vehicle without consent, and he raised as grounds for relief ineffective assistance of counsel, involuntary guilty plea, medical negligence, and illegal search and seizure. *See* Report and Recommendation, *Weldon v. Pate*, No. 9:10-cv-1400-DCN-BM (D.S.C. Feb. 15, 2011), ECF No. 25. This Court found that Petitioner's § 2254 action was filed outside the one-year limitations period and that no basis for equitable tolling was present. *Id.* at 6–8, *aff'd*, Order, ECF No. 29. Petitioner appealed to the Fourth Circuit Court of Appeals, and the Court dismissed the appeal. *See* Opinion, *Weldon v. Pate*, No. 9:10-cv-1400-DCN-BM (4th Cir. May 5, 2011), ECF No. 36.

This action should be dismissed because it is successive to Petitioner's first § 2254 action which was decided on the merits, and it appears that Petitioner has not received permission from the Fourth Circuit Court of Appeals to file this action in this Court. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely). *Cf. Slack v. McDaniel*, 529 U.S. 473, 487–88 (2000) (after a habeas petition is dismissed for failure to exhaust state remedies, upon the petitioner's return to federal court after exhaustion the petition is not a successive petition). Petitioner is required to move in the Court of Appeals for an order to authorize the district court to consider a successive



§ 2254 petition. *See* 28 U.S.C. § 2244(b)(3). On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In order for this Court to consider a successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277, 278 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003). Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.[2] Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition, this Court does

---

[2] Patricia S. Conner, Clerk, U.S. Court of Appeals for the Fourth Circuit, 1100 East Main Street, Suite 501, Richmond, VA, 23219-3517.

4

not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

## Recommendation

Accordingly, it is recommended that the § 2254 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 30, 2012
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

